IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JORGE VAZQUEZ MOLINA, #316238, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CASE NO. 2:23-CV-16-MHT-CSC |
| ROLANDA CALLOWAY and LT. TATE, | ) ) ) ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Jorge Vazquez Molina, proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. *See* Doc. 1. Upon screening the initial Complaint, the Court found that it contained deficiencies and directed Plaintiff to file an amended complaint curing those deficiencies. *See* Doc. 8. The Court received Plaintiff's Amended Complaint on April 6, 2023. Doc. 10. However, upon review of the Amended Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the undersigned finds that it fails to cure many of the deficiencies previously identified by the Court. Accordingly, the undersigned RECOMMENDS that this case be DISMISSED without prejudice prior to service of process for failure to state a claim on which relief may be granted.

**I.    THE COURT'S AMEND ORDER (DOC. 8)**

In its March 20, 2023 Order directing Plaintiff to file an amended complaint (Doc. 8), the Court stated the following:

> To state a viable failure to protect claim, Plaintiff must demonstrate that the defendants subjectively knew of a substantial risk of serious harm to Plaintiff and failed to respond to that risk in an objectively reasonable manner. *See Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016). Based on Plaintiff's allegations, it does not appear that either of the individual defendants had subjective knowledge of a substantial risk of serious harm to Plaintiff prior to the attack. It further appears that, as soon as a prison official learned of the attack, Plaintiff was immediately "rushed to the infirmary" and then "sent to an outside hospital to save [his] life." Doc. 1-1 at 2. Thus, Plaintiff has not made a showing of deliberate indifference.

*Id*. at 2. The Court further explained that allegations of mere negligence do not rise to the level of deliberate indifference necessary for a failure to protect claim. *Id*. at 2–3. Accordingly, the Court directed that, if Plaintiff wished to proceed with this action, he must file an amended complaint that states a viable claim for relief. *Id*. at 3–4.

## II.  PLAINTIFF'S AMENDED COMPLAINT (DOC. 10)

Plaintiff's Amended Complaint names Warden Rolanda Calloway and Lt. "John Doe" Tate as defendants, both of whom were employed at Elmore Correctional Facility at the time of the alleged events. Doc. 10 at 1, 2. It contains the following factual allegations:

> [Defendants were] the cause of Plaintiff's serious physical injuries[] by their concurrent and capable negligence. Defendants['] failure to maintain hourly dormitory inspections, random shakedown for weapons/contraband and preventing unauthorized inmates from entering Plaintiff's dormitory while Plaintiff was [a]sleep, caused Plaintiff serious physical injury. Between 5:30 p.m. and 6:00 p.m. on August 10, 2022, while asleep on Plaintiff[']s assigned rack and dormitory, was attac[k]ed by several inmates who[] didn't reside in the same dormitory as Plaintiff, causing serious and life threat[en]ing injuries. The weapons were about 14 inch knives and sword like weapons. Plaintiff was beat over the body, hit across the left and right side of his cranium and stabbed in the chest approximately 6 centimeters from Plaintiff[']s heart. Plaintiff was eventually sent to the hospital [and] spent 10 to 12 days in the Elmore Infirmary after returning . . . . (See original AFFIDAVIT attached with Original Complaint incorporated herewith superseding Complaint)[.]

2

*Id*. at 3–4.

In Plaintiff's affidavit attached to his initial Complaint (Doc. 1-1), Plaintiff again recounted the August 10, 2022 attack and further detailed that "other inmates intervened to gather the attention of the cube official that called to have [Plaintiff] rushed to the infirmary" before being sent to the hospital "to save [his] life." *Id*. at 2. Thereafter, Elmore officials "locked away 2 inmates that may have be[en] the culprits that tried to kill [Plaintiff]." *Id*. Additionally, Plaintiff was not allowed to return to the general population at Elmore and was instead transferred to Easterling. *Id*. Approximately two weeks later, unidentified Elmore officials visited Plaintiff at Easterling for questioning, and these officials told Plaintiff "that they had no evidence of the attack and handed [Plaintiff] some documents to sign saying it would not matter if charges were filed on the culprits because there is no evidence." *Id*.

Based on these allegations, Plaintiff appears to attempt to state a failure to protect claim under the Eighth Amendment. *See* Doc. 10 at 2 (claiming that Defendants' actions, or lack thereof, violated Plaintiff's "guaranteed fundamental rights from unreasonable risk of harm").[1] As relief, he seeks monetary damages, a copy of his medical records, and to be removed from state custody and instead placed in federal custody. *Id*. at 6.

---

[1] Although Plaintiff vaguely references the "FIFTH and FOURTEENTH Amendments of the United States Constitution to Equal Protections of the Law" (Doc. 10 at 2), he has wholly failed to state a viable equal protection claim, and the Court interprets his allegations as instead attempting to state a failure to protect claim. *See, e.g., Gomez-Diaz v. United States*, 433 F.3d 788, 791 (11th Cir. 2005) (noting that *pro se* pleadings should be construed liberally). Moreover, Plaintiff's claim is properly brought under the Eighth, rather than Fourteenth, Amendment because his affidavit indicates that he was a convicted prisoner at the time he filed this action. *See* Doc. 1-1 at 1; *see also Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the

## III.    DISCUSSION

For the reasons previously explained to Plaintiff in the Court's March 20 Order (Doc. 8), Plaintiff has again failed to state a viable failure to protect claim against either of the named Defendants. As the Court previously stated, to state a viable failure to protect claim, Plaintiff must demonstrate that Defendants were deliberately indifferent to a risk of serious harm; that is, he must demonstrate that they subjectively knew of a substantial risk of serious harm to him and that they failed to respond to that risk in an objectively reasonable manner. *See Bowen*, 826 F.3d at 1320.

Plaintiff has again failed to make either showing. First, there are no allegations whatsoever to suggest that Defendants knew Plaintiff was at risk of serious harm prior to Plaintiff being attacked by other inmates. Second, once prison officials became aware of a risk of serious harm to Plaintiff, there are no allegations to suggest that they failed to respond in a reasonable manner. To the contrary, Plaintiff alleges that he was "rushed to the infirmary," sent to the hospital "to save [his] life," and then returned to the infirmary for 10 to 12 days after his return from the hospital. Docs. 1-1 at 2; 10 at 4. Moreover, he alleges that Elmore officials "locked away" the inmates suspected of attacking him and that he was not returned to the general population at Elmore, presumably in an effort to prevent any further assaults. Doc. 1-1 at 2. Thus, there are simply no allegations in the

---

Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners.[] However, the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees.").

4

Amended Complaint to support a finding of deliberate indifference by either of the two named Defendants.

Like the initial Complaint, the Amended Complaint alleges only that Defendants were negligent by failing to "maintain hourly dormitory inspections," administer "random shakedown[s] for weapons/contraband," and "prevent[] unauthorized inmates from entering Plaintiff's dormitory while Plaintiff was [a]sleep." Doc. 10 at 3. However, as the Court already explained to Plaintiff, negligence does not rise to the level of deliberate indifference and is insufficient to support a failure to protect claim. *See Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000) ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence."); *see also Losey v. Warden*, 521 F. App'x 717, 719–20 (11th Cir. 2013) (holding that prisoner's allegation that two correctional officers failed to follow procedures regarding an official count of inmates and thus failed to protect him from assault by a fellow inmate did not rise to the level of deliberate indifference and instead was, at most, a form of negligence). Thus, despite the Court's previous explanations and directives, Plaintiff has again failed to state a viable constitutional claim on which relief may be granted.

## IV.   CONCLUSION

The Court gave Plaintiff an opportunity to amend his pleading after notifying him of the shortcomings in his initial Complaint. *See* Doc. 8. Nevertheless, his Amended Complaint fails to cure the deficiencies previously identified by the Court, and it again fails to state a viable legal claim. Thus, the undersigned concludes that any further amendment

would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile.") (citation omitted).

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that this action be DISMISSED without prejudice prior to service of process for failure to state a claim on which relief may be granted.

It is further ORDERED that, on or before June 29, 2023, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 15th day of June, 2023.

                                           /s/ Charles S. Coody
                                           CHARLES S. COODY
                                           UNITED STATES MAGISTRATE JUDGE